The opinion of the Court was delivered by
Fenner, J.
Plaintiff shipped on the Steamer Joe Bryarly, thirty-four bales of cotton, consigned to Octave Hopkins of New Orleans, and received bills of lading therefor.
- The sheriff of Caddo Parish, in execution of a writ issued by the District Court of the Parish .of Bossier, in a suit entitled Hamilton & Co. vs. Mrs. Dickson, seized the cotton, took possession thereof, and subsequently shipped the same on the steamer “ Ashland,” consigned to John Chaffe & Sons, under bill of lading taken in his own name, as sheriff. Chaffe & Sons received the cotton in due course, sold t-liej same, and on the demand of' the sheriff, consignor, paid over the proceeds to him, and took his receipt therefor, having no notice of any adverse claim.
Plaintiff brings the present action to recover said proceeds from Chaffe & Sons.
She has evidently mistaken her remedy, which is against the sheriff or the seizing creditors.
She says she was the owner of the cotton. Admit it. She says it was wrongfully seized under a writ commanding the seizure of the property of a different person. Admit that. Chaffe & Sons were, in no manner, parties to, or responsible for this wrong. The cotton was consigned to them by the sheriff. They received and held it for the sheriff. They sold it by his orders, and paid over to him the proceeds. In these acts they performed only their clear legal duties. Plaintiff says they knew the cotton had been originally shipped in her name and that sjie held bills of lading for it.
Tlie record does not clearly establish this ; but, if it were true, that would uot establish even that the sheriff was a wrong-doer. The bills of lading, remaining in her own hands and not transferred to third persons, established no ownership in her, which she did not possess \ *1134 without them, and left the cotton subject to the seizure of her creditors, or of any creditors of the true owner.
She says the'law informed Chaffe & Sons that a sheriff has no right to shiii cotton under seizure out of his jurisdiction or to sell the same there. Non constat, however, that the sheriff might not have had the authority of the court and the parties to do these things. And what right had Chaffe & Sons to question his authority ? The cases of Holliday vs. Hamilton, 11 Wallace 565, and “The Idaho,” 3 Otto 575, strenuously relied upon by plaintiff’s counsel, have no application to this question.
The first was a suit by the transferree of bills of lading against the seising creditor, for wrongful seizure, the very action appropriate here.
The other case is too inapplicable to require comment. Neither, in any mauner, controverts the legal truism that the bailee of goods who has, fully and in good faith, accounted to his bailor therefor, cannot be held responsible by third persons, of whose adverse claims he was not notified. Cooley on Toils, p. 456; Story Bailm. 8th ed. §§ 266, 450, 582.-
Judgment affirmed.